# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3250

_____

Keith Barthel; Dorothy Barthel,      *
                                      *

           Appellants,           *
                                        *

     v.                         *    Appeal from the United States
                                      *    District Court for the

Chuck Conner,[1] Secretary, United    *    District of Nebraska.
States Department of Agriculture,      *

                                        *    [UNPUBLISHED]
           Appellee.           *

_____

Submitted: January 23, 2008
Filed: February 19, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Keith and Dorothy Barthel, whose Nebraska hay meadow has been prone to flooding previously exacerbated by federal limitations on the dredging of a drainage waterway, appeal from the district court's[2] order denying their motion for a show

_____

[1]Chuck Conner has been appointed to serve as the Secretary of the United States Department of Agriculture, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

cause order, or for a writ of mandamus. The motion cited Federal Rule of Civil Procedure 70 (judgment for specific acts), and 28 U.S.C. § 1361 (action to compel federal officer to perform his duty), and was based on defendant's purported failure to obey this court's mandate in Barthel v. U. S. Dep't of Agric., 181 F.3d 934 (8th Cir. 1999).

Following careful review, we agree with the district court that the Barthels, who did not appeal the final administrative decision that followed this court's earlier remand, have not shown that they were excused from exhausting their administrative remedies, and we therefore find no abuse of discretion in the denial of mandamus relief. See In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002) (per curiam) (discretionary power to issue writ of mandamus is extraordinary remedy reserved for extraordinary situations); Taylor v. Barnhart, 399 F.3d 891, 894 (8th Cir. 2005) (mandamus is not available to parties who have failed to exhaust available administrative remedies). The Barthels were also not entitled to relief under Rule 70.

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B. The Barthels' motion to supplement the record is denied, and appellee's motion to strike is denied as moot.

_____